# NAYDENSKIY LAW FIRM, LLC

*426 Main St, #201, Spotswood, NJ, 08884, Naydenskiylaw@gmail.com, (718) 808-2224*

**BY ECF**

February 15, 2022

**Honorable Katharine H. Parker**
**United States District Court**
**Southern District of New York**
**500 Pearl Street**
**New York, NY, 10007**

**Re:** *WALDER ANTONIO GUANCE COLON v. ALPHA RECYCLING, INC., ET AL.*
**21-cv-8864**

## MOTION FOR SETTLEMENT APPROVAL

Dear Honorable Judge Parker,

    We represent Plaintiff Walder Antonio Guance Colon ("Plaintiff") in the above-referenced action. We write to respectfully request judicial approval of the parties' proposed settlement agreement, attached hereto as Exhibit "A". The agreement provides payment of Thirty Thousand Dollars ($30,000), inclusive of attorneys' fees and costs. For the reasons outlined below, Plaintiff submits that the Court's approval is warranted.

### BACKGROUND

    Plaintiff filed a Complaint on October 29, 2021, asserting, *inter alia*, that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay him overtime pay for all hours worked in excess of 40 hours per week, and failing to provide wage notices and accurate wage statements. Prior to Defendants filing an answer, the parties agreed to settle Plaintiff's claims.

### CLAIMS AND DEFENSES

    Plaintiff alleges he was not paid wages and overtime wages for the times he was required to work in excess of 40 hours per work week. Additionally, Plaintiff alleges Defendants failed to provide him with an initial hiring notice and accurate wage statements as required by NYLL§195.
    In order to avoid further litigation, trial, and motion practice, the parties agreed to proceed to settle the case.

SETTLEMENT AMOUNT

Plaintiff alleges Defendants employed Plaintiff as a general laborer from approximately July 5, 2017 until on or about May 26, 2020 and from approximately August 2020 until on or about December 14, 2020. Plaintiff alleges, depending on the time period, he worked between 50 and 66 hours. Plaintiff alleges he was not paid overtime pay for hours worked over 40 hours per week. As detailed in the attached damages calculation as Exhibit B, in accordance with the complaint, Plaintiff is owed $30,527 in overtime wages, $30,527 liquidated damages, $13,986 for spread of hours violations, $13,986 spread of hours liquated damages, $8,402.50 pre-judgment interest, $3,619.10 spread of hours pre-judgment interest, and $10,000 statutory damages for violations of NYLL 195 hiring notice and wage statement requirements.

Therefore, Plaintiff's best case award would be $111,047.69. However, in light of the very early stage of the case, in order to avoid protracted litigation, a settlement of $30,000.00 (almost 100% of wages owed) is a fair and reasonable settlement conducted at arms-length.

ATTORNEY FEES

The settlement agreement provides that Plaintiff's counsel will recover $10,000 (inclusive of costs), equaling one-third of the $30,000 settlement.

Courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. See Navarrete v. Crystal Deli Inc. (S.D. N.Y. 2022)(citing cases); Pinzon v. Jony Food Corp., No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)); Ramirez v. Columbus Rest. Fund IV, LLC (S.D. N.Y. 2022).

## **THE SETTLEMENT SHOULD BE APPROVED**

The standard for approval of FLSA settlement is well established in the Second Circuit. As stated in the Report and Recommendation adopted by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*:

> When deciding whether to approve a motion for settlement of individual FLSA claims, the Court considers whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employers overreaching. In the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a l

    arger judgment ; and (6) the range of reasonableness in light of t
    he best possible recovery and all the risks of litigation.

No. 12 Civ. 3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. July 2, 2013) (Garaufis, J) (citations and internal quotation marks omitted); *see also. e.g.. Calle. et al. v. Elite Specialty Coatings Plus, Inc., et al.,* No. 13 Civ. 6126 (NGG)(VMS), 2014 WL 6621081 , at *2 (E.D.N.Y. Nov. 21 , 2014) (evaluating and approving a settlement using the above factors as well as comparing the settlement amount to counsel's lodestar); *Jn re Penthouse Executive Cluh Comp. Litig.,* No. 10 Civ. 1 145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. Jan. 14, 2014) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-54 (IIth Cir. 1982) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Tiro v. Public House Investments. LLC,* Nos. 11 Civ. 7679 (CM), *et al,* 2013 WL 4830949, at * J O (S.D.N.Y. Sept. 10, 2013) (citing *Johnson v. Brennan,* No. 10 Civ. 4712 (CM), 201 1 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 201 1); *Lynn's Food Stores,* 679 F.2d at 1353-54) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Yuzmy v. HSBC USA. N.A.,* No. 1 2 Civ. 3693 (PGG), 2013 WL 5492998, at *7 (S.D.N.Y. Oct. 2, 2013) (citing *Lynn's Food Stores* , 679 F.2d at 1354; *McMahon v. Olivier Cheng Catering & Events. LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010)) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved."): *Diaz v. Scores Holding Co., Inc.,* No. 07 Civ. 8718 (THK), 201 1 W L 6399468, at *2 (S.D.N.Y. July 1 1, 201 1 ) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement".) (citations omitted); *Hens v. Clientlogic Operating Cm1J.,* No. 05 Civ. 381S (WMS), 2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (approving FLSA - not Rule 23 - settlement where the proposed settlement resolved contested litigation in a *bona fide* dispute, and was the product of lengthy, vigorous arm's length negotiations between experienced counsel).

  Based on the above, the proposed settlement, which provides for a payout of $30,000 and was the result of arms-length negotiations should be approved. Further litigation will require both parties to invest substantial time and expenses. While Plaintiff believes he will ultimately prevail on his claims, he prefers a quicker resolution. Based on the above, the $30,000 settlement achieved pre-answer falls within the range of reasonableness in light of the best possible recovery and all the risks of litigation, and should be approved.
*See, e.g. Calle,* 2014 WL 6621081, at *3-4 (declaring the settlement agreement fair and reasonable and approving it); *Serebryakov,* 2013 WL 3364393, at * I (adopting Magistrate Judge's Report and Recommendation to approve FLSA settlement); *Peralta v. Allied Contracting II C01p.,* No. 09 Civ. 953 (NGG)(RER), 201 1 WL 3625501, at *I (E.D.N.Y. Aug. 17, 2011) (same).

Dated: February 15, 2022

               By: */s/ Gennadiy Naydenskiy*
                  Gennadiy Naydenskiy (GN5601)
                  426 Main St, #201
                  Spotswood, NJ, 08884
                  718-808-2224
                  *Attorney for Plaintiff*

# EXHIBIT A

## SETTLEMENT AGREEMENT and RELEASE

**IT IS HEREBY AGREED BY AND AMONG,** WALDER ANTONIO GUANCE COLON ("Plaintiff") and ALPHA RECYCLING, INC. and DAVID ZENKO ("Defendants") as follows:

**WHEREAS**, Plaintiff commenced an action in United States District Court, Southern District of New York on October 29, 2021 styled as *WALDER ANTONIO GUANCE COLON v. ALPHA RECYCLING, INC. and DAVID ZENKO*, Index No. 21-cv-8864 (hereinafter the "Action") in which he has asserted various claims and avers he is entitled to alleged, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for notice and wage statement violations under the NYLL; and

**WHEREAS**, Defendants deny all of the material allegations asserted by Plaintiff and deny and continue to deny that it has violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiff; and

**WHEREAS**, Plaintiff and Defendants, following negotiations in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes by entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE**, the Plaintiff and the Defendants hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1

1.  In full, final and complete settlement of the claims asserted in the Action including any and all claims for unpaid wages, overtime pay, liquidated damages, penalties, interest and any and all other claims and potential FLSA and/or NYLL claims asserted by the Plaintiff, including attorneys' fees and costs, Defendants hereby agree to cause to be paid to the Plaintiff the sum of Thirty Thousand Dollars ($30,000) as follows:

    (a) Within 30 days after Court Approval of the Settlement Agreement, Defendants will remit the following payment:

    i.  WALDER ANTONIO GUANCE COLON – one check in the amount of Ten Thousand Dollars ($10,000.00) with lawful deductions via W2 for his share of payroll taxes

    ii. WALDER ANTONIO GUANCE COLON - A second check in the amount of Ten Thousand Dollars ($10,000) via Form 1099 after receipt of executed W9 with this Agreement.

    iii. NAYDENSKIY LAW FIRM, LLC - Ten Thousand Dollars ($10,000.00) for reasonable legal fees and costs.

    (b) the parties agree that Plaintiff shall be responsible for all employee side Federal, State and City income and payroll taxes due and shall indemnify Defendants and hold the harmless from any and all responsibility thereof.

2.  Plaintiff hereby stipulates, acknowledges and understands that, in consideration of payment of the Settlement Funds, said payment constituting good and valuable consideration, Plaintiff hereby, acting on his own free will and volition, and on behalf of himself, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, release the Defendants, their subsidiaries, affiliates, shareholders, owners, directors, officers, employees, agents, heirs, administrators, executors, representatives,

2

successors and assigns, in their capacities as such, from any and all debts, obligations, claims, demands, orders, judgments or causes of action that were asserted in the Action arising before the Effective Date of this Agreement. Defendants release Plaintiff from any and all claims, charges, cause of actions, whether known or unknown.

3. Plaintiff understands and agrees that he has been advised to consult with his own attorney before signing this Agreement.

4. By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendants, who expressly denies any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

5. If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be

3

invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

6. The parties agree that the United States District Court, Southern District of New York shall retain Jurisdiction for all purposes. The parties agree to re-open the case if Defendants fail to disburse any check as described in Paragraph 1.

7. In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

8. By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

9. This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

10. This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

11. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement.

Electronic and/or facsimile signatures shall be deemed as originals.

12. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Firm, LLC, 426 Main St, #201, Spotswood, NJ, 08884 or email to: naydenskiylaw@gmail.com

For Defendant(s): Mark Zawisny, Zawisny & Zawisny, P.C., 578 Driggs Avenue, Brooklyn, New York, 11211 or email to: zawisnyesq@aol.com

13. The parties acknowledge and represent that this agreement I entered into without force or duress, in the free will of the Parties, after consultation with counsel, and in receipt of consideration.

We hereby sign this Agreement/Release in order to confirm our consent to the terms set forth above, including but not limited to, our agreement to the dismissal of the action and all claims against Defendant/Releases, with prejudice, it being our intention to release and discharge any and all claims we have or may have which are referenced in the Release.

Date: 01-26-2022

_____
WALDER ANTONIO GUANCE COLON

Date:

_____

5

ALPHA RECYCLING, INC., by David Zenko

Date:

_____

DAVID ZENKO, individually

STATE OF NEW YORK, COUNTY OF               ss.:

On __26__ day of January, 2022, before me, the undersigned Notary Public, personally appeared **WALDER ANTONIO GUANCE COLON** an individual to me personally known, who, after being duly sworn, stated and acknowledged that he executed the foregoing SETTLEMENT AGREEMENT and RELEASE, fully understanding it, for all the purposes set forth therein.

_____
Notary Public

SEAN KUO YUAN
Notary Public, State of New York
Reg. No. 01YU6382103
Qualified in Nassau County
Commission Expires 10/15/2022

6

Electronic and/or facsimile signatures shall be deemed as originals.

12. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Firm, LLC, 426 Main St, #201, Spotswood, NJ, 08884 or email to: naydenskiylaw@gmail.com

For Defendant(s): Mark Zawisny, Zawisny & Zawisny, P.C., 578 Driggs Avenue, Brooklyn, New York, 11211 or email to: zawisnyesq@aol.com

13. The parties acknowledge and represent that this agreement I entered into without force or duress, in the free will of the Parties, after consultation with counsel, and in receipt of consideration.

We hereby sign this Agreement/Release in order to confirm our consent to the terms set forth above, including but not limited to, our agreement to the dismissal of the action and all claims against Defendant/Releases, with prejudice, it being our intention to release and discharge any and all claims we have or may have which are referenced in the Release.

Date:

_____

WALDER ANTONIO GUANCE COLON

Date: 01/26/2022

5

STATE OF NEW YORK, COUNTY OF KINGS ss.:

On 26 day of January, 2022, before me, the undersigned Notary Public, personally appeared DAVID ZENKO an individual to me personally known, who, after being duly sworn, stated that he is CFO of ALPHA RECYCLING, INC. and acknowledged that he executed the foregoing SETTLEMENT AGREEMENT and RELEASE, fully understanding it, for all the purposes set forth therein.

_____
Notary Public

STATE OF NEW YORK, COUNTY OF _____ ss.:

On 26 day of January, 2022, before me, the undersigned Notary Public, personally appeared DAVID ZENKO, an individual to me personally known, who, after being duly sworn, stated and acknowledged that he executed the foregoing SETTLEMENT AGREEMENT and RELEASE, fully understanding it, for all the purposes set forth therein.

_____
Notary Public

7

ALPHA RECYCLING, INC. , by David Zenko

Date: 01/26/2022

_____

DAVID ZENKO, individually

STATE OF NEW YORK, COUNTY OF                   ss.:

On _____ day of January, 2022, before me, the undersigned Notary Public, personally appeared **WALDER ANTONIO GUANCE COLON** an individual to me personally known, who, after being duly sworn, stated and acknowledged that he executed the foregoing SETTLEMENT AGREEMENT and RELEASE, fully understanding it, for all the purposes set forth therein.

_____

Notary Public

6

# EXHIBIT B

Privileged Settlement Communication                                                                                                                                  Subject to Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay |
|---|---|---|---|---|---|---|---|---|---|---|
| **WALDER ANTONIO GUANCE COLON** | 7/5/17 | 10/5/2017 | 13 | 66 | 6 | $ 13.00 | $ 19.50 | $ 11.00 | $ 16.50 | $ 1,027.00 |
| | 10/6/17 | 12/31/2017 | 12 | 66 | 6 | $ 15.00 | $ 22.50 | $ 11.00 | $ 16.50 | $ 1,185.00 |
| | 1/1/18 | 12/31/2018 | 52 | 66 | 6 | $ 15.00 | $ 22.50 | $ 13.00 | $ 19.50 | $ 1,185.00 |
| | 1/1/19 | 9/30/2019 | 39 | 66 | 6 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 1,185.00 |
| | 10/1/19 | 12/31/2019 | 13 | 66 | 6 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 1,185.00 |
| | 1/1/20 | 5/26/2020 | 21 | 66 | 6 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 1,185.00 |
| | 8/1/20 | 12/14/20 | 19 | 50 | 6 | $ 17.00 | $ 25.50 | $ 15.00 | $ 22.50 | $ 935.00 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records

Privileged Settlement Communication                                                                                                                         Subject to Revision / Correction

| "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Total Per Period |
|---:|---:|---:|---:|---:|---:|---:|---:|---:|---:|---:|
| $ 858.00 | $ 169.00 | $ 2,197.00 | $ 2,197.00 | $ 858.00 | $ 858.00 | $ 5,000.00 | $ 5,000.00 | $ 888.69 | $ 347.06 | $ 17,345.75 |
| $ 990.00 | $ 195.00 | $ 2,340.00 | $ 2,340.00 | $ 792.00 | $ 792.00 | | | $ 894.61 | $ 302.79 | $ 7,461.40 |
| $ 990.00 | $ 195.00 | $ 10,140.00 | $ 10,140.00 | $ 4,056.00 | $ 4,056.00 | | | $ 3,311.57 | $ 1,324.63 | $ 33,028.19 |
| $ 990.00 | $ 195.00 | $ 7,605.00 | $ 7,605.00 | $ 3,510.00 | $ 3,510.00 | | | $ 1,885.48 | $ 870.22 | $ 24,985.71 |
| $ 990.00 | $ 195.00 | $ 2,535.00 | $ 2,535.00 | $ 1,170.00 | $ 1,170.00 | | | $ 514.42 | $ 237.42 | $ 8,161.84 |
| $ 990.00 | $ 195.00 | $ 4,095.00 | $ 4,095.00 | $ 1,890.00 | $ 1,890.00 | | | $ 710.32 | $ 327.84 | $ 13,008.16 |
| $ 850.00 | $ 85.00 | $ 1,615.00 | $ 1,615.00 | $ 1,710.00 | $ 1,710.00 | | | $ 197.51 | $ 209.13 | $ 7,056.64 |
| | TOTAL: | $ 30,527.00 | $ 30,527.00 | $ 13,986.00 | $ 13,986.00 | $ 5,000.00 | $ 5,000.00 | $ 8,402.60 | $ 3,619.10 | $ 111,047.69 |

| | | | |
|---|---|---|---|
| | Filing Date | 10/17/2021 | |
| | FLSA | 10/17/18 | |
| under the FLSA and NYLL. | NYLL | 10/17/15 | |
| | Amendment | 4/9/11 | |
| | Today | 2/15/22 | |